**WO**     **KM**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melinda Gabriella Valenzuela,<br>    Plaintiff,<br>v.<br>K. Curran, et al.,<br>    Defendants. | No. CV 19-04996-PHX-MTL (MHB)<br><br>**ORDER** |

    On August 20, 2019, Plaintiff Melinda Gabriella Valenzuela,[1] who is confined in the Arizona State Prison Complex-Lewis, filed a "Motion for Leave to File Pursuant to Court Order" (Doc. 1) and an Application to Proceed In Forma Pauperis and lodged a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. The Court will grant the Motion to File and dismiss the Complaint and this action pursuant to 28 U.S.C. § 1915(g).

**I.    Vexatious Litigant Orders**

    Plaintiff has filed more than 200 cases in this Court since 2002. In response, the Court has issued multiple vexatious litigant injunctions restricting Plaintiff's ability to file in this Court. In a November 27, 2017 Order in CV 16-00951-PHX-NVW (MHB), the Court amended the current vexatious litigant injunction and set additional pre-filing requirements. Pursuant to the amended injunction entered against Plaintiff, before filing a

---

[1] Plaintiff has also filed Complaints under the names Enrique Gabrielle Mendez, Enrique Mendez-Valenzuela, and Quennell Glover. Plaintiff is biologically male, but identifies as female and refers to herself with feminine pronouns.

**JDDL**

complaint, Plaintiff must obtain leave of the Court. Specifically, Plaintiff must file a Motion for Leave to File that conforms to the following provisions:

>   1. Plaintiff must file, with each new Complaint, documentation showing that Plaintiff has pursued available administrative remedies. The documentation must include copies of Plaintiff's grievances, responses to those grievances, and any appeals filed by Plaintiff as well as responses to those appeals.
>
>   2. If Plaintiff's claims are based on allegations that she has a serious medical condition or has suffered serious physical injuries, **Plaintiff must file, with the Complaint, documentation of her medical condition(s) and/or injuries that goes beyond her own allegations in the complaint. This evidence may be in the form of medical records or sworn affidavits from medical professionals that document the conditions or injuries alleged in the complaint.**
>
>   3. As stated in the 2004 Injunction, Plaintiff must also file a Motion for Leave to File which contains:
>
>   (1) in the FIRST sentence, a request for leave to file;
>
>   (2) in the SECOND sentence, a certification that the claims Plaintiff wishes to present are new claims never before raised and disposed of on the merits by any federal court.
>
>   If any future Motion for Leave to File does not contain these two requirements, IN THE FIRST TWO SENTENCES, the Court will read no further, the Motion for Leave to File will be denied, and the case will be dismissed for failure to comply with this Order of this Court.
>
>   (3) in the THIRD sentence, a short, plain statement of the harm Plaintiff has suffered and by whom such harm was inflicted. If the THIRD SENTENCE does not contain this requirement, and if the Court cannot determine what harm Plaintiff claims to have suffered and what Defendant allegedly committed the harm, the Court will read no further, the Motion for Leave to File will be denied, and the case will be dismissed for failure to comply with this Order of the Court.
>
>   4. Because Plaintiff has "three strikes," any in forma pauperis lawsuit she files must clearly, coherently, and credibly allege that Plaintiff is under imminent danger of

serious physical injury. False allegations of imminent harm may subject Plaintiff to sanctions including further filing restrictions.

5. **If Plaintiff fails to comply with all the requirements of this Order in any filing, the Court will, without further notice, deny Plaintiff in forma pauperis status in that action and in all subsequent actions before this Court.**

CV 16-00951-PHX-NVW (MHB) (Doc. 88 at 2-4 (emphasis in original)).

Plaintiff has filed a Motion for Leave to File and copies of grievances related to her claim. Accordingly, the Court will grant the Motion to File.

## II. "Three Strikes Provision," 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A prisoner barred from proceeding in forma pauperis pursuant to § 1915(g) may proceed under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else. *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

Plaintiff has filed at least three actions in this Court that were dismissed as frivolous, malicious, or as failing to state a claim. *See*, *e.g.*, CV 02-01670-PHX-JAT (DKD), CV 02-01725-PHX-JAT (DKD), and CV 02-01726-PHX-JAT (DKD). Accordingly, Plaintiff may not bring a civil action without complete pre-payment of the $350.00 filing fee and $50.00 administrative fee unless Plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The imminent danger exception applies "if the complaint makes a *plausible allegation* that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).

In the Complaint, Plaintiff alleges that on July 5, 2019, two corrections officers "poisoned her food and dinner tray as they personally told her she did it." The sergeant on duty told Plaintiff that he would see if he could get her another tray, "but never did." Plaintiff argues "he let his staff contaminate my food and then did nothing to correct it and he put my life in danger." Plaintiff further claims that the supervisory Defendants "have allowed me to be poisoned and have not taken action to correct the issue or to protect me from harm." Plaintiff claims Defendants "took no immediate action" and failed to investigate the incident. Plaintiff claims that as a result of the contamination, she was sent to the hospital.[2]

In the response to Plaintiff's grievance appeal, Appeals Officer Kepney states "These allegations [of staff misconduct] have been reviewed and investigations of staff misconduct are treated as confidential. You will not be notified of the outcome or of any corrective action that may have been taken."

Although Plaintiff states the alleged contamination of her food occurred "from July 5, 2019 to present," she describes only one incident allegedly occurring on July 5, 2019. She does not provide dates of any subsequent incidents or provide any facts supporting her claim that her food continues to be tampered with. Nor does she allege any facts to suggest that this incident is likely to recur. Moreover, the attached grievance response indicates Plaintiff's claim was investigated. Accordingly, Plaintiff's Complaint concerns a past incident and Plaintiff has not demonstrated that she is in imminent danger of serious physical injury. The Court will deny Plaintiff's Application to Proceed In Forma Pauperis and will dismiss Plaintiff's Complaint and this action, without prejudice, pursuant to § 1915(g). If Plaintiff wants to reassert these claims in the future, she must prepay the entire $400.00 filing and administrative fees when she files her action.

. . . .

. . . .

. . . .

---

[2] Plaintiff provides no medical documentation substantiating this claim.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Leave to File (Doc. 1) is **granted**; the Clerk of Court must file the Complaint.

(2) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 3) is **denied**.

(3) Plaintiff's Complaint and this action are **dismissed without prejudice**, pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert these claims in the future, she must prepay the entire $400.00 filing and administrative fees when she files her action.

(4) The Clerk of Court must enter judgment accordingly and close this case.

Dated this 21st day of November, 2019.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge